# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AUTOFX2 TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE ALLSTATE CORPORATION and ALLSTATE INSURANCE COMPANY<br><br>Defendants. | CIVIL ACTION NO. 4:26-cv-1541<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AutoFX2 Technologies, LLC ("AutoFX2" or "Plaintiff") files this original complaint against The Allstate Corporation and Allstate Insurance Company (collectively, "Allstate" or "Defendant"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1. AutoFX2 is a limited liability company formed under the laws of the State of Texas, with its principal place of business in Texas.

2. Defendant The Allstate Corporation is a corporation organized under the laws of the State of Delaware. It can be served with process by serving its

registered agent: CT Corporation System 208 SO LaSalle St, Suite 814 Chicago, IL 60604-1101.

3. Defendant Allstate Insurance Company is a corporation organized under the laws of the State of Illinois. It can be served with process by serving its registered agent: CT Corporation 208 South LaSalle Street, Suite 814 Chicago, IL 60604.

## JURISDICTION AND VENUE

4. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant has transacted business in this district and has committed, by itself or in concert with others, acts of patent infringement in this district. For example, Allstate makes, has made, uses, imports, provides, supplies, distributes, sells, or offers to sell the Allstate mobile app, as set forth below.

6. In addition, Allstate has a regular and established place of business in this district, including, for example, at 5899 Preston Rd Ste 104, Frisco, TX 75034:




7. Allstate is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

**THE TECHNOLOGY**

8. The patents-in-suit, U.S. Patent Nos. 9,704,186 and 10,402,874, each titled "Aggregator Application App For A Mobile Electronic Device," teach systems and methods for aggregating product information with application information to generate a commercial application for services. Specifically, the inventions claimed by the patents-in-suit address the need to securely and reliably

document the physical state of a product when preparing and submitting a commercial application for services. The inventors of the 186 and 874 Patents developed systems and methods to do so by collecting digital content such as a photograph or video, including location information and/or date/time information, and aggregating such information with the application, so that it can be used to validate the condition of the product by a service provider.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,704,186

9. On July 11, 2017, the 186 Patent was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Aggregator Application App For A Mobile Electronic Device."

10. AutoFX2 is the owner of the 186 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 186 Patent against infringers, and to collect damages for all relevant times.

11. Allstate made, had made, used, imported, provided, supplied, distributed, sold, and/or offered mobile apps that, in conjunction with Allstate servers, allow insurance claims to be made remotely in a reliable and secure manner:




12. By doing so, Allstate has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 8 of the 186 Patent. The infringement in this regard is ongoing.

13. AutoFX2 has been damaged as a result of the infringing conduct by Allstate. Thus, Allstate is liable to AutoFX2 in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

14. AutoFX2 and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the 186 Patent.

## **COUNT II**

## **INFRINGEMENT OF U.S. PATENT NO. 10,402,874**

15. On September 3, 2019, the 874 Patent was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Aggregator Application App For A Mobile Electronic Device."

16. AutoFX2 is the owner of the 874 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 874 Patent against infringers, and to collect damages for all relevant times.

17. Allstate made, had made, used, imported, provided, supplied, distributed, sold, and/or offered mobile apps that, in conjunction with Allstate servers, allow insurance claims to be made remotely in a reliable and secure manner.

18. By doing so, Allstate has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 8 of the 874 Patent. The infringement in this regard is ongoing.

19. AutoFX2 has been damaged as a result of the infringing conduct by Allstate. Thus, Allstate is liable to AutoFX2 in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. AutoFX2 and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the 874 Patent.

## ADDITIONAL ALLEGATIONS REGARDING DIRECT INFRINGEMENT

21. Allstate has also directly infringed the patents-in-suit by exercising direction or control over the use of the accused products by its customers. When Allstate customers download and use the accused products, Allstate is putting the accused products into service and conditions the benefit received by each customer from using the accused products (which utilize the methods taught by the patents-in-suit). Use of the accused products in such manner infringes the patents-in-suit.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT

22. Allstate has also indirectly infringed the patents-in-suit by inducing others to directly infringe them. Allstate has induced the end-users, Allstate customers, to directly infringe (literally and/or under the doctrine of equivalents) the patents-in-suit by using the accused products. Allstate took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes at least Claim 8 of the 186 Patent and Claim 8 of the 874 Patent. Such steps by Allstate included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused

products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. Allstate is performing these steps, which constitute induced infringement with the knowledge of the patents-in-suit and with the knowledge that the induced acts constitute infringement. Allstate is aware that the normal and customary use of the accused products by Allstate customers would infringe the patents-in-suit. This inducement is ongoing.

23. Allstate has also indirectly infringed by contributing to the infringement of the patents-in-suit. Allstate has contributed to the direct infringement of the patents-in-suit by the end-user of the accused products. The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe at least Claim 8 of the 186 Patent and Claim 8 of the 874 Patent. The special features constitute a material part of the invention of one or more of the claims of the patents-in-suit and are not staple articles of commerce suitable for substantial non-infringing use. This contributory infringement is ongoing.

24. Allstate has knowledge of the patents-in-suit at least as of the date when it was notified of the filing of this action.

25. Furthermore, on information and belief, Allstate has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others) and thus has been willfully blind of AutoFX2's patent

rights.

26. The actions of Allstate are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Allstate. This direct and indirect infringement of the patents-in-suit is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of AutoFX2's rights under the patent.

27. AutoFX2 has been damaged as a result of the infringing conduct by defendant alleged above. Thus, Allstate is liable to AutoFX2 in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

AutoFX2 hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

AutoFX2requests that the Court find in its favor and against Allstate, and that the Court grant AutoFX2 the following relief:

a. Judgment that one or more claims of the patents-in-suit have been infringed, either literally and/or under the doctrine of equivalents, by Allstate and/or all others acting in concert therewith;

b. Judgment that Allstate accounts for and pays to AutoFX2 all damages

to and costs incurred by AutoFX2 because of the infringing activities and other conduct complained of herein, including an award of all increased damages to which AutoFX2 is entitled under 35 U.S.C. § 284;

c. That AutoFX2 be granted pre-judgment and post-judgment interest on the damages caused by the infringing activities and other conduct complained of herein;

d. That this Court declare this an exceptional case and award AutoFX2 its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. That AutoFX2 be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 20, 2026

Respectfully submitted,

/s/ *Matthew J. Antonelli*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Rehan M. Safiullah
Texas Bar No. 24066017
rehan@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006

(713) 581-3000

*Attorneys for AutoFX2 Technologies, LLC*